Justice Ginsburg,
concurring.
Today’s decision declares key portions of Maine’s Tobacco Delivery Law incompatible with the Federal Aviation Administration Authorization Act of 1.994 (FAAAA). The breadth of the FAAAA’s preemption language, 49 U. S. C. §§ 14501(c)(1) and 41713(b)(4)(A), coupled with our decisions closely in point, Morales v. Trans World Airlines, Inc., 504 U. S. 374 (1992), and American Airlines, Inc. v. Wolens, 513 U. S. 219 (1995), impel that conclusion. I write separately to emphasize the large regulatory gap left by an application of the FAAAA perhaps overlooked by Congress, and the urgent need for the National Legislature to fill that gap.
Tobacco use by children and adolescents, we have recognized, may be “the single most significant threat to public health in the United States.” FDA v. Brown & Williamson Tobacco Corp., 529 U. S. 120, 161 (2000). But no comprehensive federal law currently exists to prevent tobacco sellers from exploiting the underage market. Instead, Congress has encouraged state efforts. Congress has done so by providing funding incentives for the States to pass legislation making it unlawful to “sell or distribute any [tobacco] product to any individual under the age of 18.” Synar Amend *378 ment, 106 Stat. 394, 42 U. S. C. § 300x-26(a)(l). See Lorillard Tobacco Co. v. Reilly, 533 U. S. 525, 552, 571 (2001).
State measures to prevent youth access to tobacco, however, are increasingly thwarted by the ease with which tobacco products can be purchased through the Internet. “As cyberspace acts as a risk-free zone where minors can anonymously purchase tobacco, unrestricted online tobacco sales create a major barrier to comprehensive youth tobacco control.” Brief for Tobacco Control Legal Consortium et al. as Amici Curiae 10 (footnote omitted). See also Brief for California et al. as Amici Curiae 9 (“Illegal Internet tobacco sales have reached epidemic proportions.”).
Maine and its amici maintain that, to guard against delivery of tobacco products to children, “the same sort of age verification safeguards [must be] used when tobacco is handed over-the-doorstep as ... when it is handed over-the-counter.” Brief for Petitioner 8; Brief for California et al. as Amici Curiae 11; Brief for Tobacco Control Legal Consortium et al. as Amici Curiae 11-12; cf. Brief for United States as Amicus Curiae 16. The FAAAA’s broad preemption provisions, the Court holds, bar States from adopting this sensible enforcement strategy. While I join the Court’s opinion, I doubt that the drafters of the FAAAA, a statute designed to deregulate the carriage of goods, anticipated the measure’s facilitation of minors’ access to tobacco. Now alerted to the problem, Congress has the capacity to act with care and dispatch to provide an effective solution.